UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:                                                      Chapter 11

C.S.C. ENTERPRISES, INC., d/b/a           Case No.: 21-11549-RAM
SCULLY'S TAVERN,

     Debtor.
_____/

C.S.C. ENTERPRISES, INC. d/b/a
SCULLY'S TAVERN,

     Plaintiff,                                        Adv. Case No.

v.

EQUTIY ONE (FLORIDA PORTFOLIO), LLC.,

     Defendant.
_____/

**VERIFIED COMPLAINT FOR TEMPORARY INJUNCTION**

Plaintiff ("Debtor"), by and through undersigned counsel, files and serves this complaint for temporary injunction to enjoin collection activities against Chris Hirsh and Cassandra Hirsh ("Non-Debtors"), the owners and officers of Debtor, while it attempts reorganize and states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## BACKGROUND

2. On February 17, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, subchapter V, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. The Debtor is operating its business and managing its affairs as debtor in possession.

4. No trustee, or examiner or committee has been appointed n this Chapter 11 case except the Chapter V Trustee Tarek Kirk Kiem.

5. Pre-petition, Debtor operated its business for over 32 years through the joint efforts of the Non-Debtors (also referred to as "Cassandra" and "Chris"), a married couple. Non-Debtors have always split the managerial and operating chores of the Business.

6. On September 19, 2020, Cassandra sustained severe injuries from a fall. After surgery, she became paralyzed and confined to a wheelchair. Cassandra's rehabilitative care is substantial and ongoing.

7. As a result, Cassandra has severely limited ability to participate in the affairs of the Business.

8. Additionally, Chris has to take time away from the business to take Cassandra to daily therapy sessions. This has also reduced the time that Chris has to take care of the business.

9. Debtor has been severely affected by the Covid pandemic in that the restaurant/sports bar has been required to close for a substantial period of time and or only operate at reduced capacity levels and for reduced times due to government-imposed restrictions and curfew.

10. The restrictions have started to ease. The business has started to pick up again in spite of some restrictions that are still in effect (i.e., curfew). This increase in business is a blessing for the business but has made further demands on the limited time of Non-Debtors.

11. During this period of time, Debtor has made partial payments of rent but has accrued a substantial amount of past due rent. Negotiations with the Defendant-Landlord broke down without a mutually agreeable repayment plan for the past due rent.

12. As a result, the Defendant-Landlord filed an eviction/damages action in state court against Debtor and Non-Debtors as guarantors on the lease obligations.

13. Debtor filed its petition for relief to resolve the pending rent claim and to reorganize and continue operations.

14. The filing of the petition has stayed the state court case against Debtor but the Defendant-Landlord continues to aggressively pursue the case against Non-Debtors.

15. Specifically, the Defendant in this action filed onerous discovery requests which were the same for all three of the Defendants in the state court action, which includes documents and responses which are specifically directed to the Debtor. While the Automatic Stay should preclude this discovery in the state court eviction proceeding, the Defendant has sought sanctions against the Non-Debtors for failing to respond to that discovery.

16. The undersigned attorneys have conferred with both state court and bankruptcy counsel for the Defendant-Landlord to agree to a stay of the state action to no avail and state court counsel insists on proceeding with a hearing on the motion for sanctions.

## REQUESTED RELIEF AND BASIS THEREFOR

17. Plaintiff-Debtor sues Defendant and creditors, seeking a temporary injunction against Defendant from prosecution of cases against Chris Hirsh and Cassandra Hirsh while Debtor is attempting to reorganize and settle their claims.

18. Chris Hirsh and Cassandra Hirsh are the owners and officers of Debtor.

19. Debtor owns and has been operating a tavern at 9809 SW 72nd Street, Space #1, Miami, Florida 33173 (the "Leased Premises") for more than 30 years. Defendant and Debtor are respectively Landlord and Tenant under a lease agreement (the "Lease").

20. On November 19, 2020, Landlord filed an eviction action against Debtor in Circuit Court in Miami-Dade County, Case No. 2020-024897-CA-01 (the "Eviction case").

21. In the same Eviction Case, Defendant also asserted claims against Non-debtors for Breach of Guaranty.

22. Additionally, the Landlord filed discovery requests against the Debtor and the Non-Debtors in the Eviction case. The discovery directed to the Non-Debtors requested the identical information from Debtor, which unequivocally seeks information from the Debtor.

23. The settlement or disposition of the Eviction Case will have a profound effect on this Chapter 11 case and could result in payment or settlement of claims in the plan of reorganization.

24. Both Non-Debtors are key persons and as such should be protected against the lawsuit in the Eviction case in order to enable them to devote full time and energy to the affairs of the debtor, especially at the initial stage of the proceeding and in formulating a plan of reorganization.

25. Both Non-Debtors earn income and own assets which may be used as a source to fund the plan, and the preservation of their income and assets can play a significant and meaningful role in the Debtor's attempt to achieve reorganization.

26. Section 105(a) of Title 11 provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This section also empowers the Bankruptcy Court, under the appropriate circumstances, to grant an

injunction to protect non-debtors associated with a debtor entity from collection activities of creditors. *See Minnelusa Co. v. Andrikopoulos (In re Minnelusa Co.)*, 169 B.R. 225, 226 (Bankr. M.D. Fla. 1994).

27. In grating an injunction for the purpose stated, the court must consider: (a) a strong probability of success on the merits; (b) irreparable injury to the movant if the relief sought is not granted; (c) granting injunctive relief will not cause substantial harm to the party against whom the injunctive relief is granted; and (d) the public interest will be best served by issuing the preliminary injunction. *In re Minnelusa Co.*, 169 B.R. at 226; *In re Otero Mills, Inc.*, 25 B.R. 1018, 1021 (D.N.M. 1982). Public interest in the bankruptcy setting refers to the promotion of successful reorganization. *See In re Otero Mills, Inc.*, 25 B.R. at 1021.

28. There are two instances when a <u>temporary</u> injunction should be granted: (a) when a non-debtor principal of the debtor is the key person and should be temporarily protected against lawsuits to devote full time and energy to the affairs of the debtor, especially at the initial stage; and (b) the non-debtor's assets can be used as a source to fund the plan, "either through sale of the asset or when the preservation of his credit standing and his ability to borrow played a significant and meaningful role in a debtor's attempt to achieve reorganization." *In re Minnelusa Co.*, 169 B.R. at 226 (citing *St. Petersburg Hotel Associates, Ltd.*, 37 Bankr. 380 (Bankr. M.D. Fla. 1984)).

29. Injunctive relief would be proper until the necessary financing to fund the plan of reorganization was secured. *Id.*

30. A strict exercise of the four traditional requirements for an injunction is unnecessary. "[A] bankruptcy court can enjoin proceedings in other courts when it is satisfied that such

proceedings would defeat or impair its jurisdiction over the case before it. In other words, the court does not need to demonstrate an inadequate remedy at law or irreparable harm." *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998) (citing *In re L&S Industries, Inc.*, 989 F.2d 929, 932 (7th Cir. 1993)).

31. Bankruptcy Rule 7065, Injunctions, states Fed. R. Civ. P. 65 applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).

## COUNT I
## TEMPORARY INJUNCTION

32. Plaintiff incorporates the allegations of paragraphs 1-31 above.

33. A temporary injunction is necessary and appropriate in this case because:

    a. There is a strong probability that that Debtor will succeed in reorganization;

    b. Debtor will suffer irreparable harm if suit against the Non-Debtors is not enjoined because they are both key persons in Debtor's reorganization efforts; and whose assets will fund the plan;

    c. Granting this injunctive relief will not cause substantial harm to Defendant because one main goal of Debtor's reorganization concerns payment to Defendant under the Lease;

    d. This injunctive relief will promote public interest—effective reorganization.

WHEREFORE, Plaintiff respectfully requests that a temporary injunction enjoining all collection activities by Defendant against the Non-Debtors on the guarantees until Debtor has had the opportunity to proceed with reorganization, including obtaining financing to fund the plan.

**CORONA LAW FIRM, P.A.**
3899 NW Seventh Street, Second Floor
Miami, Florida 33126
Telephone: (305) 547-1234
Facsimile: (305) 266-1151
Email: rcorona@coronapa.com

By: __/s/ Ricardo Corona__
    Ricardo Corona, Esq.
    FBN 111333

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:  
C.S.C. ENTERPRISES, INC., d/b/a  
SCULLY'S TAVERN,

    Debtor.
_____/

Chapter 11  
Case No.: 21-11549-RAM

C.S.C. ENTERPRISES, INC. d/b/a  
SCULLY'S TAVERN,

    Plaintiff,

v.

EQUTIY ONE (FLORIDA PORTFOLIO), LLC.,

    Defendant.
_____/

Adv. Case No.

## VERIFICATION

### VERIFIED COMPLAINT FOR TEMPORARY INJUNCTION

Chris Hirsh, pursuant to 28 U.S.C. § 1746, says:

I am the Owner and President of Debtor and has been authorized to sign all papers and deliver all testimony required in this Chapter 11 case.

I have personal knowledge of the facts and allegations contained in the Verified Complaint for Temporary Injunction, the Verified Expedited Motion for Temporary Restraining Order and Preliminary Injunction, both are filed herewith, and am authorized by the Debtor to verify that they are true and correct, and so verify under penalty of perjury.

Signed  
C.S.C. ENTERPRISES, INC. d/b/a SCULLY'S TAVERN

_____  
CHRIS HIRSH, President

I hereby certify that on <u>April 7, 2021</u>, a true and correct copy of the foregoing was served upon all parties, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of the electronic filing indicates that notice was electronically mailed to said party.

**CORONA LAW FIRM, P.A.**
3899 NW Seventh Street, Second Floor
Miami, Florida 33126
Telephone: (305) 547-1234
Facsimile: (305) 266-1151
Email: rcorona@coronapa.com

By: __/s/ Ricardo Corona_____
     Ricardo Corona, Esq.
     FBN 111333