# COMPOSITE EXHIBIT A

## CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:_____

EQUITY ONE (FLORIDA PORTFOLIO) LLC, a Florida limited liability company,

                                        Plaintiff,

v.

C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S, a Florida corporation, CHRIS HIRSH and CASSANDRA HIRSH, jointly and severally,

                                        Defendants./
_____

## REQUEST FOR PRODUCTION

Plaintiff, EQUITY ONE (FLORIDA PORTFOLIO) LLC, by and through its undersigned counsel, requests Defendant, C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S, CHRIS HIRSH and CASSANDRA HIRSH,  in accordance with the applicable Fla.R.Civ.P., Rule 1.350, to produce at the office of the undersigned attorney within forty-five (45) days hereof, the original and all copies of the following documents described below as are in the possession, custody or control of Defendant, or as are in the possession, custody or control of any agent, servant or representative of Defendant.

## DEFINITIONS

Unless otherwise specifically indicated, the following definitions shall apply throughout this request for production:

1.      The word "document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, records, correspondence, memoranda, notes, messages, letters, reports, appointment books, diaries, journals, telegrams, teletypes, facsimiles, bulletins, notes of meetings or other communications, interoffice telephone call charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, documents stored in computers or word processing equipment, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, computations, transcripts, statistics, surveys, magazine or newspaper articles, releases, transcripts, bills, calendars (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, discs and recordings), and including files and file covers.

2.       The term "all documents" means every document or group of documents for communication as above-defined known to you and every such document or communication which can be located or discovered by reasonably diligent effort.

3.       The term "you" and "your" means the party to whom this request is addressed, including the party's employees, agents, attorneys and all other persons acting or purporting to act on the party's behalf.

4.       "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm or other business enterprise, governmental agency or body, group of natural persons, or other organization or legal or business entity.

5.       "And" and "Or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of each request all documents which otherwise would be construed to be outside its scope.

6.       "Relating in any way to" shall also mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, arising out of, or constituting, as necessary in order to bring within the scope of each request all documents which otherwise would be construed to be outside its scope.

7.       As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

8.       The capitalized terms used herein shall have the meaning, respectively, ascribed to them in Plaintiff's Complaint.

## **INSTRUCTIONS**

1.       In producing documents requested herein, you shall produce documents in full, without abridgement, abbreviation or expurgation of any sort.

2.       The documents or categories of documents that you contend are responsive to each separate request and their location should be set forth in your written response pursuant to Fla.R.Civ.P., Rule 1.350(b).  All documents responsive to each request should then be produced in the order in which they are kept in the ordinary course of your business activities, or segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

3.       If you object in part to any request for production, please produce the portion of documents requested to which you do not object and state your objection to the remainder.

4.       If privilege is claimed with respect to any document, please provide the following information:

a.       date of the document.
b.       author of the document.
c.       addressee of the document.
d.       citation of authority supporting claim of privilege.
e.       statement of facts that you contend establish the document to be privileged.

5.      All documents requested herein which have been destroyed, placed beyond your control, or otherwise disposed of, shall be identified by:

     a.     date of the document.
     b.     author of the document.
     c.     addressee of the document.
     d.     type of document.
     e.     subject matter of the document.
     f.     number of pages for each document.
     g.     number of attachments or appendices to each document.
     h.     indicated or blind copies of each document.
     i.     all persons to whom distributed, shown or explained.
     j.     date of destruction or other disposition of each document.
     k.     reason for destruction or other disposition of each document.
     l.     person authorizing destruction or other disposition of each document.
     m.     person destroying or otherwise disposing of each document.
     n.     if not destroyed, person in possession of document otherwise disposed of.

**PRODUCTION**

1.      Copies of any and all documents contained within any of Defendants' files regarding the Lease and the Guaranty which are the subject matter of this action.

2.      Copies of any and all correspondence, internal memoranda, notes or documents which discuss, mention or pertain to the Lease and/or Guaranty which are the subject of this action.  If you claim any such documents are privileged, provide a schedule listing the date and parties of all such privilege documents and produce all other documents to which no privilege is asserted.

3.      Copies of any and all statements, deposit receipts, canceled checks or other documents regarding any and all transactions upon any and all business accounts maintained by Defendant from January 1, 2017, to the present that relate to rental payments on the subject Lease.

I HEREBY CERTIFY that a true copy of the foregoing was furnished to a process server for service on the Defendant together with the summons and complaint.

DATED:  November 18, 2020.

COHEN LEGAL

By:   */s/ Richard S. Cohen*
    RICHARD S. COHEN - FL Bar No. 329983
By:   */s/ Jason L. Cohen*
    JASON L. COHEN - FL Bar No. 74340
    Attorneys for Plaintiff
    811-A North Olive Avenue
    West Palm Beach, Florida  33401
    Phone:  561-659-0901; Fax:  561-659-0902
    E-mail:  rscohen@rscohenesqlaw.com
            jcohen@rscohenesqlaw.com
            pleadings@rscohenesqlaw.com

**CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.:_____

EQUITY ONE (FLORIDA PORTFOLIO) LLC, a Florida limited liability company,

Plaintiff,

v.

C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S, a Florida corporation, CHRIS HIRSH and CASSANDRA HIRSH, jointly and severally,

Defendants./

_____

<u><b>REQUEST FOR ADMISSIONS</b></u>

Plaintiff, EQUITY ONE (FLORIDA PORTFOLIO) LLC, by and through undersigned attorneys, pursuant to Rule 1.370, Fla.R.Civ.P., requests Defendants, C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S, CHRIS HIRSH and CASSANDRA HIRSH, within forty-five (45) days from the date of this request, to make the following admissions for the purposes of this action only:

1.      Each document attached to Plaintiff's Complaint is a true and correct copy of a genuine original document.

2.      You signed the original of each document of which a copy  is attached to Plaintiff's Complaint and which bears your name.

3.      You received everything you expected to receive in  consideration of, or in exchange for, your signature upon each  document of which a copy is attached to Plaintiff's Complaint.

4.      You have never notified or informed anyone of any reason  why you are not obligated to pay to Plaintiff the amounts sued for.

5.      You have never notified Plaintiff of any reason why you  are not obligated to pay Plaintiff the amounts sued for.

6.      The computations as to amount of interest sued for in Plaintiff's Complaint and attachments thereto are correct.

7.      None of the agreements set forth in Plaintiff's Complaint and attachments thereto have been subsequently modified  or superseded.

8.      Plaintiff is the lawful owner and holder of each  document of which a copy is attached to Plaintiff's Complaint.

9.      The computation by which the principal balance claimed by Plaintiff were computed are accurate.

10.      The balance herein sued for is due and owing by Defendant to Plaintiff.

11.      Written demand has been made by Plaintiff upon Defendant for payment of the claim herein sued upon prior to date hereof.

12.      Except as may be shown in Plaintiff's complaint or  attachments thereto, Defendant is not entitled to any credits, offsets or deductions.

13.      There are no documents, writings, letters, records or  papers of any sort upon which Defendant intend to utilize as  evidence of or a basis for any defense in this action.

14.      Interest on the claim asserted herein by Plaintiff is  due in the amounts of established by applicable law and by the charges shown in the attachments to Plaintiff's complaint.

15.      Every statement or allegation contained in Plaintiff's  complaint is true and correct.

I HEREBY CERTIFY that a true copy of the foregoing was provided to a process server for service upon the above named Defendants together with copies of the Summons and Complaint.

DATED:   November 18, 2020.

COHEN LEGAL

By:     /s/ Richard S. Cohen
          RICHARD S. COHEN - FL Bar No. 329983
By:     /s/ Jason L. Cohen
          JASON L. COHEN - FL Bar No. 74340
          Attorneys for Plaintiff
          811-A North Olive Avenue
          West Palm Beach, Florida   33401
          Phone:   561-659-0901; Fax:   561-659-0902
          E-mail:   rscohen@rscohenesqlaw.com
                      jcohen@rscohenesqlaw.com
                      pleadings@rscohenesqlaw.com

## CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-024897-CA-01

EQUITY ONE (FLORIDA PORTFOLIO) LLC, a Florida limited liability company,

                                             Plaintiff,

v.

C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S, a Florida corporation, CHRIS HIRSH and CASSANDRA HIRSH, jointly and severally,

                                             Defendants./
_____

### INTERROGATORIES

TO:    C.S.C. ENTERPRISES, INC./dba/ SCULLY'S
       %CHRIS HIRSH, President
       9733 SW 93rd Street
       Miami, Florida  33176

 In accordance with the Florida Rules of Civil Procedure, the Defendant, C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S, is required within forty-five (45) days after service hereof to answer under oath and in writing the attached interrogatories.

 I HEREBY CERTIFY that the original and one copy of the interrogatories were provided to a process server on November 18, 2020, for service upon the above named Defendant together with copies of the summons and complaint.

 DATED:  November 18, 2020.

                         COHEN LEGAL

                         By:___/s/ Richard S. Cohen_____
                               RICHARD S. COHEN - FL Bar No. 329983
                         By:___/s/ Jason L. Cohen_____
                               JASON L. COHEN - FL Bar No. 74340
                               Attorneys for Plaintiff
                         811-A North Olive Avenue
                               West Palm Beach, Florida  33401
                               Phone:  561-659-0901; Fax:  561-659-0902
                               E-mail:  rscohen@rscohenesqlaw.com
                                        jcohen@rscohenesqlaw.com
                                        pleadings@rscohenesqlaw.com

## **INTERROGATORIES**

1. State the principal place of business of the corporation, C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S (the "Company").

2. State the Company's present, complete business address and all business addresses together with telephone numbers where the Company's officers may be reached.

3. State the full name and present address of each person who is a Company officer, director, member, manager, owner or stockholder and their designation beside their name.

4. If you assert that the claim herein sued upon is the obligation of anyone other than yourself, then state the name and present address of each such person and/or corporation and all of the facts upon which you rely in support of such position, including your relationship to such other person or persons and/or corporation.

5.    State fully, completely and at length the factual basis of each and every defense which you now assert or will assert in this action.

6.    State the name, occupation, business address and telephone number, residence address and telephone number of each witness you expect  to call or rely upon the trial of this action, together with a summary of the matters to be testified about within the knowledge of each such witness.

7.    If you will do so without a request to produce, attach to your answers to these interrogatories a copy of each and every document, writing, paper or letter which you intend to utilize as a basis or ground for any defense in this action.  If you will not so produce without a request to produce, then state at length and verbatim, the contents of each and every such document, writing, paper or letter, additionally stating the date and circumstances of preparation or receipt of each such item.

8.    If you have not admitted any one or more of the Requests for Admissions served upon you of even date herewith, then with respect to each such request not fully admitted, state all facts known to you directly or indirectly, which you contend to be a basis for denial or refusal to admit each such request.

9.      Please state the name and address of the person(s) answering these interrogatories.

10.      Please state the name, address and phone number of anyone who helped you answer these interrogatories.

C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S

By: _____
      Name: _____
      Title: _____

STATE OF _____ )
                        ) ss:
COUNTY OF _____ )

      Sworn to (or affirmed) and subscribed before me, by means of ☐ physical presence or ☐ online

notarization on _____, 2020,

by _____ the _____ of C.S.C. ENTERPRISES,

INC.SCULLY'S, who is ☐ personally known to me or ☐ who has produced the following identification: _

                          _____
                          Notary Public, State of Florida
                          My Commission Expires: _____
                          Commission No. _____

( Notary Seal )

**CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: 2020-024897-CA-01

EQUITY ONE (FLORIDA PORTFOLIO) LLC, a Florida limited liability company,

Plaintiff,

v.

C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S, a Florida corporation, CHRIS HIRSH and CASSANDRA HIRSH, jointly and severally,

Defendants./

_____

<u>**INTERROGATORIES**</u>

TO:     CHRIS HIRSH
         9733 SW 93rd Street
         Miami, Florida   33176

In accordance with the Florida Rules of Civil Procedure, the Defendant, CHRIS HIRSH, is required within forty-five (45) days after service hereof to answer under oath and in writing the attached interrogatories.

I HEREBY CERTIFY that the original and one copy of the interrogatories were provided to a process server on November 18, 2020, for service upon the above named Defendant together with copies of the summons and complaint.

DATED:   November 18, 2020.

COHEN LEGAL

By: _/s/ Richard S. Cohen_
     RICHARD S. COHEN - FL Bar No. 329983
By: _/s/ Jason L. Cohen_
     JASON L. COHEN - FL Bar No. 74340
     Attorneys for Plaintiff
     811-A North Olive Avenue
     West Palm Beach, Florida   33401
     Phone:  561-659-0901; Fax:  561-659-0902
     E-mail:  rscohen@rscohenesqlaw.com
               jcohen@rscohenesqlaw.com
               pleadings@rscohenesqlaw.com

## **INTERROGATORIES**

1.      State the your name, residence and business addresses and phone numbers.

2.      State the present, complete business address and all business addresses of C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S (the "Company"), together with telephone numbers where the business' officers may be reached.

3.      Are you an officer, director, shareholder, member, owner or employee of the Company? If so, please state whether you are an officer, director, shareholder, member, employee or owner of the Company, the position you hold and the full names and present addresses of each person who is a corporate officer, director, owner or stockholder and their designation beside their name.

4.      Please state whether or not you entered into the Guaranty agreement with Plaintiff to promise to pay for any liability of Defendant, C.S.C. ENTERPRISES, INC., a copy of which is attached to Plaintiff's Complaint.

5.      If the answer to the preceding interrogatory is affirmative, please state:

      a.      The reason why the Guaranty was entered into;

      b.      Whether any monies have been paid to Plaintiff by you under the Guaranty;

      c.      Whether the Guaranty was ever subsequently modified or supplemented;

      d.      Whether there was ever any satisfaction, discharge, release, novation or accord in satisfaction with regard to the Guaranty; and

      e.      Whether you have ever tendered payment to the Plaintiff in satisfaction of the account of Defendant, C.S.C. ENTERPRISES.

6.      If you assert that the claim herein sued upon is the obligation of anyone other than yourself, then state the name and present address of each such person and/or corporation and all of the facts upon which you rely in support of such position, including your relationship to such other person or persons and/or corporation.

7.      State fully, completely and at length the factual basis of each and every defense which you now assert or will assert in this action.

8.      State the name, occupation, business address and telephone number, residence address and telephone number of each witness you expect to call or rely upon the trial of this action, together with a summary of the matters to be testified about within the knowledge of each such witness.

9.      If you will do so without a request to produce, attach to your answers to these interrogatories a copy of each and every document, writing, paper or letter which you intend to utilize as a basis or ground for any defense in this action.  If you will not so produce without a request to produce, then state at length and verbatim, the contents of each and every such document, writing, paper or letter, additionally stating the date and circumstances of preparation or receipt of each such item.

10.      If you have not admitted any one or more of the Requests for Admissions served upon you of even date herewith, then with respect to each such request not fully admitted, state all facts known to you directly or indirectly, which you contend to be a basis for denial or refusal to admit each such request.

11.      Please state the name, address and phone number of anyone who helped you answer these interrogatories.

By: _____

CHRIS HIRSH


STATE OF _____ )
                        )  ss:
COUNTY OF _____ )

      Sworn to (or affirmed) and subscribed before me, by means of ☐ physical presence or ☐ online notarization on _____, 2020, by **CHRIS HIRSH,** who is ☐ personally known to me or ☐ who produced the following identification:_.


                _____

                Notary Public, State of _____

                My Commission Expires:_____

                Commission No._____

( Notarial Seal )

**CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: 2020-024897-CA-01

EQUITY ONE (FLORIDA PORTFOLIO) LLC, a Florida limited liability company,

                                          Plaintiff,

v.

C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S, a Florida corporation, CHRIS HIRSH and CASSANDRA HIRSH, jointly and severally,

                                     Defendants./

## <u>INTERROGATORIES</u>

TO:    CASSANDRA HIRSH
        9733 SW 93rd Street
        Miami, Florida   33176

        In accordance with the Florida Rules of Civil Procedure, the Defendant, CASSANDRA HIRSH, is required within forty-five (45) days after service hereof to answer under oath and in writing the attached interrogatories.

        I HEREBY CERTIFY that the original and one copy of the interrogatories were provided to a process server on November 18, 2020, for service upon the above named Defendant together with copies of the summons and complaint.

        DATED:   November 18, 2020.

                        COHEN LEGAL

                        By: */s/ Richard S. Cohen*
                             RICHARD S. COHEN - FL Bar No. 329983
                        By: */s/ Jason L. Cohen*
                             JASON L. COHEN - FL Bar No. 74340
                             Attorneys for Plaintiff
                             811-A North Olive Avenue
                             West Palm Beach, Florida   33401
                             Phone:  561-659-0901; Fax:  561-659-0902
                             E-mail:  rscohen@rscohenesqlaw.com
                                      jcohen@rscohenesqlaw.com
                                      pleadings@rscohenesqlaw.com

### INTERROGATORIES

1.      State the your name, residence and business addresses and phone numbers.

2.      State the present, complete business address and all business addresses of C.S.C. ENTERPRISES, INC. /dba/ SCULLY'S (the "Company"), together with telephone numbers where the business' officers may be reached.

3.      Are you an officer, director, shareholder, member, owner or employee of the Company?  If so, please state whether you are an officer, director, shareholder, member, employee or owner of the Company, the position you hold and the full names and present addresses of each person who is a corporate officer, director, owner or stockholder and their designation beside their name.

4.      Please state whether or not you entered into the Guaranty agreement dated March 28, 2014, with Plaintiff to promise to pay for any liability of Defendant, C.S.C. ENTERPRISES, INC., a copy of which is attached to Plaintiff's Complaint.

5.      If the answer to the preceding interrogatory is affirmative, please state:

      a.      The reason why the March 28, 2014 Guaranty was entered into;

      b.      Whether any monies have been paid to Plaintiff by you under the March 28, 2014 Guaranty;

      c.      Whether the March 28, 2014 Guaranty was ever subsequently modified or supplemented;

      d.      Whether there was ever any satisfaction, discharge, release, novation or accord in satisfaction with regard to the March 28, 2014 Guaranty; and

e.      Whether you have ever tendered payment to the Plaintiff in satisfaction of the account of Defendant, C.S.C. ENTERPRISES.

6.      If you assert that the claim herein sued upon is the obligation of anyone other than yourself, then state the name and present address of each such person and/or corporation and all of the facts upon which you rely in support of such position, including your relationship to such other person or persons and/or corporation.

7.      State fully, completely and at length the factual basis of each and every defense which you now assert or will assert in this action.

8.      State the name, occupation, business address and telephone number, residence address and telephone number of each witness you expect  to call or rely upon the trial of this action, together with a summary of the matters to be testified about within the knowledge of each such witness.

9.      If you will do so without a request to produce, attach to your answers to these interrogatories a copy of each and every document, writing, paper or letter which you intend to utilize as a basis or ground for any defense in this action.  If you will not so produce without a request to produce, then state at length and verbatim, the contents of each and every such document, writing, paper or letter, additionally stating the date and circumstances of preparation or receipt of each such item.

10.     If you have not admitted any one or more of the Requests for Admissions served upon you of even date herewith, then with respect to each such request not fully admitted, state all facts known to you directly or indirectly, which you contend to be a basis for denial or refusal to admit each such request.

11.     Please state the name, address and phone number of anyone who helped you answer these interrogatories.

By: _____

CASSANDRA HIRSH

STATE OF _____ )
                          )  ss:
COUNTY OF _____ )

      Sworn to (or affirmed) and subscribed before me, by means of ☐ physical presence or ☐ online notarization on _____, 2020, by **CASSANDRA HIRSH,** who is ☐ personally known to me or ☐ who produced the following identification:_____.

_____
Notary Public, State of _____
My Commission Expires:_____
Commission No._____

( Notarial Seal )